IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint Petition of: | ) ) ) | No. 40479-0-III |
| | ) | UNPUBLISHED OPINION |
| JERRY JAMES DAVIS. | ) ) ) | |

LAWRENCE-BERREY, C.J.—Jerry Davis petitions this court for relief by arguing he is unlawfully restrained by the Department of Corrections' (DOC) recalculation of his early release date (ERD) from July 19, 2025 to April 6, 2026. We deny Davis's request to equitably toll the two-year period of limitations and dismiss his petition as untimely.

FACTS

On December 3, 2018, a Thurston County court sentenced Davis to 14 months of incarceration for possession of depictions of minors engaged in sexually explicit conduct. The judgment and sentence stated that Davis would receive credit for time served prior to sentencing if confinement was solely under the Thurston County cause number.

On February 7, 2020, a Benton County court sentenced Davis to 89 months of incarceration for first degree child molestation. Directly under his sentence, a handwritten notation stated that the Benton County sentence would run concurrent with

the Thurston County sentence. The judgment and sentence also stated that Davis would receive credit for time served prior to sentencing if confinement was solely under the Benton County cause number. DOC originally calculated Davis's ERD as July 19, 2025.

On February 9, 2022, DOC notified Davis it had recalculated his ERD as April 6, 2026. The reasons supporting the calculations were stated in the notice. The notice also stated that DOC treated the Thurston County and the Benton County sentences as concurrent. DOC advised Davis that if he disagreed with the new ERD he could seek clarification or correction from the sentencing court.

On May 13, 2022, Davis filed a grievance with DOC seeking various communications between him and DOC secretary Strange. Davis explained the communications were needed to resolve his ERD dispute. On June 21, 2022, DOC responded, "According to the Resolutions department, you have no current active resolutions. Please file a public records request." Pers. Restraint Pet. (PRP), Ex. 4-2. Later, Davis sent DOC a records request for the communications, together with $2.79 for its copying costs. On September 27, 2022, DOC provided Davis with nine pages responsive to his request.

On June 6, 2024, Davis filed this PRP in our court.

2

ANALYSIS

As a preliminary matter, DOC argues we should dismiss Davis's petition because it is untimely. We agree.

The period of limitations for a PRP other than a collateral attack on a judgment is two years. *In re Pers. Restraint of Heck*, 14 Wn. App. 2d 335, 340-41, 470 P.3d 539 (2020). A cause of action accrues when the plaintiff knows or reasonably should know the relevant facts. *Allen v. State*, 118 Wn.2d 753, 758, 826 P.2d 200 (1992).

Here, the accrual date for Davis's PRP is February 9, 2022. On that date, Davis knew his recalculated ERD and knew how DOC calculated his ERD credits. It was incumbent on Davis to timely file his PRP on or before February 8, 2024. Davis's June 2024 PRP was thus untimely.

Nevertheless, courts have inherent power to waive the statutory limitations period for a PRP challenge. *In re Pers. Restraint of Fowler*, 197 Wn.2d 46, 52, 479 P.3d 1164 (2021). "Equitable tolling is a remedy, used sparingly, that allows an action to proceed 'when justice requires it, even though a statutory time period has elapsed.'" *Id.* at 53 (quoting *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 141, 196 P.3d 672 (2008) (plurality opinion)). Equitable tolling "is warranted when a petitioner shows they have diligently pursued their rights and the petition was untimely because of bad faith, deception, or false assurances." *Id.* Accordingly, Davis must show (1) he diligently

pursued his rights, and (2) an extraordinary circumstance prevented a timely filing. *Id.* at 54.

Davis does not satisfy either requirement for equitable tolling. First, Davis fails to explain why he did not file his PRP shortly after DOC recalculated his ERD nor does he explain what information in the produced public records he needed or why he did not file his PRP shortly after receiving those records. Second, Davis fails to show anything that DOC did that contributed to his late PRP filing. For these reasons, we refuse to toll the two-year limitations period.

We dismiss Davis's PRP as untimely.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____        _____
Fearing, J.                                               Cooney, J.